**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAM CHANDER BUSIGAMPALA, | No. 05-77235 |
| Petitioner, | Agency No. A097-607-459 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2009 [**]

Before:     ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Ram Chander Busigampala, a native and citizen of India, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

JT/Research

withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Molina-Morales v. INS*, 237 F.3d 1048, 1050 (9th Cir. 2001), and review de no claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny the petition for review.

Substantial evidence supports the agency's conclusion that Busigampala failed to establish he suffered past persecution or has a well-founded fear of future persecution from his step brothers, members of the Telugu Desam Party, or the Indian police on account of a protected ground. *See Molina-Morales*, 237 F.3d at 1051-52; *Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004). Accordingly, his asylum claim fails.

Having failed to establish eligibility for asylum, Busigampala necessarily fails to meet the more stringent standard for withholding of removal. *See id*. at 1052. Busigampala's contention the BIA failed to consider his withholding of removal claim is belied by the record.

Substantial evidence supports the agency's denial of CAT protection because Busigampala did not demonstrate it is more likely than not that he would be subject to torture if returned to India. *See El Himri v. Ashcroft*, 378 F.3d 932, 938 (9th Cir. 2004).

Busigampala's contention that his due process rights were violated by the BIA's consideration of evidence not contained in the record fails for lack of prejudice.  *See Colmenar*, 210 F.3d at 971.

**PETITION FOR REVIEW DENIED.**